## 47248. NORRED v. AMERICAN CAN COMPANY, INC. et al.

HALL, Presiding Judge. In a composite action for defamation, unfair labor practice and breach of an employment contract, the plaintiff appeals from the grant of a summary judgment.

Plaintiff was formerly an hourly employee under union protection. In April of 1968 he was promoted to supervisor and became a part of management. He was dismissed some 16 months later in August of 1969. In his original complaint filed in superior court, he alleged that he had been lured into management so that he could be fired for his union activity. The case was removed to the United States District Court which determined that this particular claim is within the exclusive jurisdiction of the NLRB. The district court remanded the case to the superior court to determine whether it possessed jurisdiction to proceed with any part of the action. Civil Action No. 14136, United States District Court, N. D. Ga., May 24, 1971. The court did not err in granting summary judgment on this count.

Plaintiff contends that he had made an oral contract of employment for a term of a year, commencing in April of 1968, tacitly renewed for the same term in April of 1969, and under which he was working when dismissed. Plaintiff's own supervisor and the company's general supervisor of employee relations both state by affidavit that plaintiff, like all other supervisors in the company, had an employment agreement terminable at will. Plaintiff's only evidence in rebuttal is his own statement concerning what he was told by his supervisor when he had indicated reluctance to leave union employment. "And I thought it over for a while, and my main purpose . . . I wanted to go into management and I wanted to be part of management and I wanted to, I really wanted to, go into personnel, dealing with labor management contracts. And I stated this to Mr. Walker prior to me going into

management. And he stated to me at that time, '*You work, if you go into it and take the job and work a year and do me a good job,*' he said, '*I will recommend you for a job in personnel.*' And that was part of the persuasion that made me change my mind, that made me go into management." (Emphasis supplied.)

Even assuming that this supervisor had the authority to make a promise binding on the company to employ plaintiff for a year, his statement is not such a promise. At best it is a promise to recommend plaintiff for the personnel work he said he preferred if plaintiff performed well as a shipping supervisor for a year. The fallacy of the year's contract theory is demonstrated by simply reversing the situation. Had plaintiff quit in the middle of the year and had the company attempted to collect damages for breach of an employment contract as shown by this statement, it would be summarily dismissed. The statement is simply not evidence of a year's contract of employment. Defendants have pierced plaintiff's allegations.

Plaintiff has also alleged defamation. His evidence on this point is that his supervisor once threatened to place a derogatory letter in his personnel file. However, plaintiff admits he never saw such a letter, his supervisor denies having written one, and the custodian of the files stated that no such letter is contained in plaintiff's file. Plaintiff further testified on deposition that he did not know of any oral or written statement which defamed him. Nothing remains but plaintiff's obvious grievance at being fired.

For the above reasons, the court did not err in granting summary judgment.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
ARGUED JUNE 5, 1972—DECIDED JUNE 20, 1972.

*James W. Studdard,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Michael C. Murphy, Shoob, McLain & Jessee, C. James Jessee, Jr.,* for appellees.